## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARTIN THOMAS, individually and on behalf of all similarly situated persons,<br><br>          Plaintiff,<br><br>v.<br><br>REAL DETAIL ENTERPRISES, INC. and MICHELLE BABBITT,<br><br>          Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Martin Thomas ("Plaintiff") brings this collective action on behalf of all current or former Detailers, and other similarly situated persons, employed by Defendants Real Detail Enterprises, Inc. and Michelle Babbitt (collectively "Defendants").  In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a regular and routine practice, Defendants willfully failed to pay Plaintiff and similarly situated persons minimum wage for all hours worked, instead paying them solely by "piece rate" without adjustment for the minimum wage.  Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and other current and former Detailers, and other similarly situated persons, who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action") that Plaintiff and the persons who opt into the Collective Action are, *inter alia*, entitled to (i) unpaid wages from Defendants for work for which they did not receive proper minimum wage, as required by the FLSA; (ii) liquidated damages; (iii) interest; and (iii) attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     This is an action for unpaid minimum wages under the FLSA.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3.     Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4.     Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.     Defendants employed Plaintiff from approximately February 2018 to May 2018.  Plaintiff's title with Defendants was "Detailer."

6.     Defendant Real Detail Enterprises, Inc. is a for-profit Georgia corporation with its principal place of business in Douglas County, Georgia, at 4271 Tanyard Creek Drive, Douglasville, Georgia 30135.

7.     Defendant Real Detail Enterprises, Inc. may be served with process through its Chief Executive Officer, Chief Financial Officer, and Secretary, Michelle Babbitt, who maintains a business address at 4271 Tanyard Creek Drive, Douglasville, Georgia 30135.

8.     On information and belief, Defendant Michelle Babbitt is a Georgia resident, who resides and conducts business in the Northern District of Georgia.

9.     Defendant Michelle Babbitt may be served with process by delivering a copy of the summons and complaint to her business address at 4271 Tanyard Creek Drive, Douglasville, Georgia 30135.

10.     Defendants are governed by and subject to 29 U.S.C. § 206.

11.     At all relevant times, Defendants have been, and continue to be, "employer[s]" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

12.     At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

3

13.     At all relevant times, Defendants have had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

14.     At all relevant times, Defendants have had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A)(i).

15.     At all relevant times, Defendant Real Detail Enterprises, Inc. has had an annual gross volume of sales made or business done in excess of $500,000.00.

16.     At all relevant times, Defendants were "employers" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

17.     At all relevant times, Defendant Babbitt asserted control of Defendant Real Detail Enterprises Inc.'s day-to-day operations at the locations where Plaintiff and similarly situated persons worked, had direct responsibility for the supervision of Plaintiff and similarly situated persons, and made the decision not to pay Plaintiff and similarly situated persons the required hourly compensation, and is therefore an employer within the meaning of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18.    Plaintiff brings this action on behalf of himself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

19.    Plaintiff and those similarly situated are persons who were, or are, employed by Defendants as Detailers – or performing materially similar work as Detailers – at any time within three years prior to the filing of this Complaint and who did not receive minimum wage at the federally mandated rate of $7.25 per hour for every hour worked in a workweek (hereinafter the "FLSA Collective").

20.    The FLSA Collective is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number is dependent are in the sole possession of Defendants, upon information and belief, there are more than fifty members of the FLSA Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

21.    Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

22.     Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members of the FLSA Collective.

## STATEMENT OF FACTS

23.     Defendants provide car detailing services to car dealerships.

24.     Defendants contract with car dealerships to provide a team of employees, generally holding the title of Detailer, to report to the car dealership locations and provide car detailing services onsite.

25.     Plaintiff worked for Defendants as a Detailer from approximately February 2018 to May 2018.

26.     Plaintiff worked for Defendants as a Detailer at multiple locations.

27.     Plaintiff and other members of the FLSA Collective were non-exempt employees of Defendants under the FLSA.

28.     Plaintiff and other members of the FLSA Collective physically detailed certain cars at the car dealerships, which essentially meant that they removed the stickers on the cars, washed the cars, applied paint sealing and reapplied the stickers.

29.     Defendants compensated Plaintiff and other members of the FLSA Collective at a flat rate per car detailed; for example, Defendants regularly paid

Plaintiff $8.00 per car detailed.  Plaintiff and other members of the FLSA Collective did not receive any other form of compensation from Defendants.

30.     Defendants did not compensate Plaintiff and other members of the FLSA Collective with an hourly rate of pay.

31.     Plaintiff and other members of the FLSA Collective regularly worked six days a week, and Plaintiff, and numerous members of the FLSA Collective, worked thirty-six or more hours per week.

32.     On information and belief, Defendants did not track the hours actually worked by Plaintiff and other members of the FLSA Collective.

33.     The piece rate compensation (per car compensation) was frequently insufficient to compensate Plaintiff and other members of the FLSA Collective for all hours worked in a workweek at the minimum wage of $7.25 per hour required by the FLSA.

34.     Defendants regularly, and as a routine policy and practice, failed to pay Plaintiff and other members of the FLSA Collective the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

35.     On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

7

36.     Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees at least minimum wage at the rate of $7.25 per hour for all hours worked in a workweek.

37.     Defendants' failure to pay Plaintiff and other members of the FLSA Collective minimum wage at the rate required by the FLSA was willful and was not in good faith.

38.     As a result of the unlawful acts of Defendants, Plaintiff and members of the FLSA Collective have been deprived of minimum wages for all hours worked in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

## COUNT ONE
## Willful Failure to Pay Minimum Wage in Violation of the FLSA

39.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

40.     At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

41.     At all relevant times, Plaintiff and other members of the FLSA Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

42.     Upon information and belief, Defendants have had gross revenues in excess of $500,000.00.

43.     At all relevant times, Defendants employed, and/or continue to employ, members of the FLSA Collective within the meaning of the FLSA.

44.     The minimum wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the FLSA Collective.

45.     The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiff and other members of the FLSA Collective, at the federal minimum wage for each hour worked.

46.     On information and belief, at all relevant times, Defendants failed to maintain accurate records of the actual work hours of Plaintiff and other members of the FLSA Collective in violation of the FLSA's recordkeeping requirements.

47.     Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff and other members of the FLSA Collective minimum wage for all hours worked in a workweek.

48.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other members of the FLSA Collective.

50.     Due to Defendants' FLSA violations, Plaintiff and other members of the FLSA Collective are entitled to recover from Defendants their unpaid minimum wages for each workweek within the limitations period, and an additional and equal amount of liquidated damages for Defendants' violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a)     Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendants during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)     A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

c)      An award of unpaid minimum wages due under the FLSA;

d)      An award of liquidated damages as result of Defendants' failure to pay minimum wages;

e)      An award of prejudgment and post-judgment interest; and

f)      An award of costs and expenses of this action, including reasonable attorneys' and expert fees.

Dated this 25th day of June, 2018.

Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
246 Sycamore Street
Suite 150
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as approved by the Court in LR 5.1(C).

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
